

# STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**  **DIVISION OF REGIONAL OFFICES**
ATTORNEY GENERAL  ROCHESTER REGIONAL OFFICE

February 24, 2021

*Via CM/ECF*

Hon. Charles J. Siragusa
Western District of New York
1360 U.S. Courthouse
100 State Street
Rochester, New York 14614-1363

    **Re:**    Lewis, et al. v. Cuomo, et al. 20-CV-6316

Dear Judge Siragusa:

    This Office represents the defendants, Governor Andrew M. Cuomo, Attorney General Letitia James, New York State Police Superintendent Keith M. Corlett, and the Empire State Development Corporation (collectively, "Defendants"), in the above-referenced matter, in which Plaintiffs' preliminary injunction motion and Defendants' motions to dismiss are currently pending. The Court recently inquired into the possibility of a stipulation between the parties in light of the injunction issued in *Agudath Israel of America v. Cuomo*, 1:20-cv-04834-KAM-RML (E.D.N.Y. Feb. 8, 2021). We write to clarify to the Court our position that Plaintiffs' free exercise claim is moot, and that the *Agudath Israel* injunction does not have any bearing on this case.

    Plaintiffs' free exercise claim focuses entirely on the initial shutdown of houses of worship in response to COVID-19. This claim has been long since moot because houses of worship have been permitted to hold services since *Memorial Day (2020) weekend, see* Executive Order 202.32, available at https://www.governor.ny.gov/news/no-20232-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency, and the number of persons permitted to attend has also continued to increase since then. *See* Executive Orders 202.38 & 202.42.

    The injunction in *Agudath Israel*, meanwhile, has nothing to do with the initial shutdown, but rather pertains to specific capacity limits set forth in Executive Order ("EO") 202.68, which was not even issued until October 6, 2020. Specifically, it enjoins enforcement of EO 202.68's the 25% capacity or maximum of 10-people limits, and the 33% capacity or maximum of 25-people limits on houses of worship in Red and Orange Zones, respectively. Those capacity limits are clearly not implicated in this case since they post-date the filing of Plaintiffs' complaint by approximately four months and are not pled in Plaintiffs' complaint, in any event. *See* Docket No. 1, filed May 15, 2020.

Finally, to the extent that Plaintiffs intended to raise a challenge to the specific capacity limits in EO 202.68, which would have required an amendment to their pleading, any such claim would also be moot. In addition to the *Agudath Israel* injunction, which bars enforcement of those capacity limits in all houses of worship statewide, on February 11, 2021, Governor Cuomo issued EO 202.93, which eliminates altogether the capacity limits on houses of worship located Red and Orange Zones. For these reasons, "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). Both the injunction and EO 202.93 pertain only to capacity limits, not closure, which is at issue in this case.

All of the aforementioned developments, as well as the reopening measures detailed in Defendants' prior papers,[1] render moot Plaintiffs' claims and foreclose the injunctive relief Plaintiffs seek on stipulation or otherwise. *See Berman v. N.Y. State Pub. Emp. Fed'n*, 16-cv-204 (DLI)(RLM), 2019 U.S. Dist. LEXIS 57312, at *7–9 (E.D.N.Y. Mar. 31, 2019); *see also DiMartile v. Cuomo*, No. 20-2683, 2021 WL 389650 (2d Cir. Feb. 4, 2021); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). Additionally, the increasing number of vaccinations being administered across the state, *see* COVID-19 Vaccine Tracker, available at: https://covid19vaccine.health.ny.gov/covid-19-vaccine-tracker, constitutes a significant change of circumstances, such that Plaintiffs simply cannot establish a "reasonable expectation" or "demonstrated probability" that anything resembling the initial shutdown will recur. *See World Gym, Inc. v. Baker*, 474 F. Supp. 3d 426, 431 (D. Mass. July 24, 2020). As the shutdown itself is the entire focus of this case, it should be dismissed in its entirety.

Thank you for your Honor's consideration of this matter.

Respectfully submitted,

s/ Heather L. McKay
HEATHER L. MCKAY
Assistant Attorney General

cc: James Ostrowski, Esq. (CM/ECF)
   Michael Kuzma, Esq. (CM/ECF)

---

[1] As noted previously, gun stores and barber shops in the Finger Lakes and Western New York Regions have been open since they entered Phase II on May 29, 2020 and June 2, 2020, respectively, and the Monroe County Clerk's Office has continued to process pistol permit applications for months. Furthermore, Plaintiffs are not affected at all by the restrictions in place under the Cluster Action Initiative as there are currently no Orange or Red Zones anywhere within the State, and the select few Yellow Zones that remain are all located downstate. *See* New York Forward, "Micro-Cluster Strategy," available at *https://forward.ny.gov/micro-cluster-strategy*.